# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RAIDEL MORENO ARMAS,
*individually and on behalf of all others similarly situated*,

  Plaintiff,

vs.

FREEDOM MORTGAGE CORPORATION,

  Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Raidel Moreno Armas brings this class action against Defendant Freedom Mortgage Corporation and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and its implementing regulations.

2. Defendant is a "is a top mortgage lender. [Defendant] specialize[s] in mortgages that can help you buy or refinance a home regardless of your unique circumstances."[1]

3. Defendant calls consumers and markets its goods and/or services even after they have requested that Defendant stop doing so.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Orange County, Florida, and the subscriber and/or sole user of the cellular telephone number 407-***-8010 (the "8010 Number").

6. Defendant is, and at all times relevant hereto was, a corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Boca Raton, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Plaintiffs seek up to $1,500.00 in damages for each call-in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness

---

[1] www.freedommortgage.com/about

Act ("CAFA").

8.  Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) as Defendant resides in this District.

## FACTS

9.  On or about January 10, 2022, March 31, 2022 and May 5, 2022, Defendant sent the following text message solicitations to Plaintiff's 8010 Number:



10. The purpose of the messages was to advertise and promote Defendant's business, goods and/or services.

11. Defendant sent the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

12. Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

13. Plaintiff is the subscriber and/or sole user of the 8010 Number and is financially responsible for phone service to the 8010 Number. The 8010 Number is a residential cell phone number.

14. Plaintiff revoked any type of consent or permission Defendant may have had to contact him with text message solicitations when he responded "STOP" as depicted in the text messages above.

15. Plaintiff responded with STOP, because STOP was the stated opt-out method provided by Defendant to Plaintiff in its January 10, 2022 text message which states "STOP = stop".

16. Defendant received Plaintiff's opt-out request as evidenced by the text message Defendant sent Plaintiff immediately thereafter acknowledging Plaintiff's request to unsubscribe from future messages:

> STOP
>
> You unsubscribed from Freedom Mortgage Reminders and will receive no more msgs. For info call 855-690-5900. Msg&Data Rates May Apply. Reply Join to Opt in.

17. After Plaintiff wrote "STOP" to Defendant on January 10, 2022, Defendant sent Plaintiff marketing text message solicitations on both March 31, 2022 and May 5, 2022.

18. Defendant failed to honor or abide by Plaintiff's opt-out requests and continued to repeatedly text message Plaintiff after he asked for the messages to stop.

19. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's lack of a written policy for maintaining internal do not call procedures.

20. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to institute procedures for maintaining a list of persons who request not to receive telemarketing calls.

21. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to maintain an internal do not call list, as well as inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list.

22. Defendant's failure to abide by Plaintiff's opt-out requests demonstrates that Defendant does not record opt-out requests or place subscribers' names and telephone number on any do-not-call list at the time the requests are made.

23. Defendant's unsolicited calls caused Plaintiff and Class members to suffer harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

<b><u>CLASS ALLEGATIONS</u></b>

**PROPOSED CLASS**

24. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The "Class" that Plaintiff seeks to represent is comprised of the class defined as:

**INTERNAL DO NOT CALL CLASS**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's goods, products or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future text messages.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

26. Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

28. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telemarketing calls to telephone numbers; [2] Whether Defendant continued to text message individuals after they requested for the messages to stop; [3] Whether Defendant failed to properly maintain and internal do not call list and procedures; [4] Whether Defendant's conduct was knowing and willful; [5] Whether Defendant is liable for damages, and the amount of such damages; and [6] Whether Defendant should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unsolicited text messages to telephone is

accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### **TYPICALITY**

30. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### **PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### **SUPERIORITY**

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### **COUNT I**

## VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the Class)

34. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> **(1)** *Written policy.* Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2)** *Training of personnel engaged in telemarketing.* Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

36. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

37. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

38. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

39. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

40. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

41. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call

Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

47      As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

48      Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Raidel Moreno Armas, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for himself and each member of the Class treble damages, as provided by statute, up to $1,500.00

   for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f) An injunction requiring Defendant to cease all unsolicited calls, and to otherwise protect the interests of the Classes;

g) An injunction requiring Defendant to cease all calls to individuals who have requested to be removed from Defendant's contact list;

h) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200;

i) A declaration that Defendant's violations of 47 C.F.R. § 64.1200 were willful and knowing; and

j) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

DATED: May 13, 2022

              Respectfully submitted,

              **LAW OFFICES OF JIBRAEL S. HINDI**

              */s/ Jibrael Hindi*
              Florida Bar No. 118259
              110 Tower, 110 SE 6th St #1744,
              Fort Lauderdale, FL 33301

Email: jibrael@jibraellaw.com
Telephone: 954-907-1136

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Counsel for Plaintiff*

**EISENBAND LAW, P.A.**
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
*/s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

*Counsel for Plaintiff*